## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VIEW, INC.,<br><br>　　　　　Debtor. | Case No. 24-10692 (CTG)<br><br>Chapter 11<br><br>Tax I.D. No. 84-3235065<br>**Re: Docket Nos. 237 & 246** |
| In re:<br><br>VIEW OPERATING CORPORATION,<br><br>　　　　　Debtor. | Case No. 24-10693 (CTG)<br><br>Chapter 11<br><br>Tax I.D. No. 30-0414899 |
| In re:<br><br>IOTIUM, INC.,<br><br>　　　　　Debtor. | Case No. 24-10694 (CTG)<br><br>Chapter 11<br><br>Tax I.D. No. 47-3704600 |

## FINAL DECREE CLOSING CERTAIN CASES

Upon the motion (the "Motion")[1] of the Reorganized Debtors for entry of a final decree (this "Final Decree") closing the Closing Cases, other than the case of *In re View Operating Corp.*, Case No. 24-10693 (CTG) (the "Remaining Case"), all as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction to consider this Motion under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The following Chapter 11 Cases are hereby closed and a final decree is granted effective upon entry of this Final Decree: View, Inc. (Case No. 24-10692 (CTG)) and Iotium, Inc. (Case No. 24-10694 (CTG)) (together, the "Closing Cases"); *provided* that this Court shall retain jurisdiction as provided in the Confirmation Order confirming the Plan and this Final Decree.

3. The Chapter 11 Case of View Operating Corporation (24-10693 (CTG)) (the "Remaining Case") shall remain open pending further order of this Court and, from and after the date of entry of this Final Decree, all motions, notices, and other pleadings related to any of the Debtors or the Reorganized Debtors shall be filed in the Remaining Case without the need to reopen the Closing Cases; *provided* that matters concerning assumption or rejection of executory contracts and unexpired leases or any Claims may be heard and adjudicated in the Remaining Case, regardless of whether the applicable executory contract or unexpired lease concerns or Claim is against a Debtor or Reorganized Debtor in a Closing Case.

4. The Clerk of this Court shall enter this Final Decree individually on each of the dockets of the above-captioned Chapter 11 Cases and each of the dockets of the Closing Cases shall be marked as "Closed."

5. An entry shall be made on the docket of each of the Reorganized Debtors' cases, other than that of View Operating Corporation (Case No. 24-10693 (CTG)), that is substantially similar to the following:

> An order has been entered in accordance with Rule 3022-1 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware closing the chapter 11 cases of: View, Inc. (Case No. 24-10692 (CTG)) and Iotium, Inc. (Case No. 24-10694 (CTG)). All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 24-10693p (CTG).

6. Entry of this Final Decree (a) is without prejudice to the rights of any party in interest to (i) commence, prosecute, and/or resolve any claim or cause of action, or (ii) object to or resolve claims filed against any of the Debtors; (b) is without prejudice to the rights of any party in interest to reopen the Closing Cases for cause; and (c) shall have no effect whatsoever on any adversary proceedings, contested matters, or other matters pending before this Court.

7. Paragraph 3 of the Joint Administration Order is hereby amended to provided that the Remaining Case will be jointly administered under Case No. 24-10693 (CTG), *In re View Operating Corp*. The caption for the Remaining Case shall read as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VIEW OPERATING CORP.,[1] | Case No. 24-10693 (CTG) |
| Reorganized Debtor. | (Jointly Administered)<br>(Formerly Jointly Administered under Lead Case: *View, Inc.*, Case No. 24-10692) |

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: View, Inc. (5065), View Operating Corporation (4899), and Iotium, Inc. (4600). The Reorganized Debtors' corporate headquarters is 6280 America Center Drive, Suite 200, San Jose, CA 95002. On [•], 2024, the Court entered an order [Docket No. [•]] closing the chapter 11 cases of the Reorganized Debtors other than Case No. 24-10693 (CTG), *View Operating Corp.*

7. The Court retains jurisdiction and authority with regards to all contested matters, motions, pleadings, or other matters that may arise from time to time in respect to the Chapter 11 Cases and the implementation of the Plan and the Confirmation Order, including fee claims, cure amounts, pending matters, and claims reconciliation matters (together, the "Remaining Matters"), whether they pertain to the Remaining Case or a Closing Case. All Remaining Matters, whether they pertain to the Remaining Case or a Closing Case, shall be filed, administered, and adjudicated in the Remaining Case without the need to reopen any of the Closing Cases. Any failure of the Reorganized Debtors to file an objection to any claim or administrative expense, including without limitation the Jefferson Claim, in the Closing Cases on or prior to the entry of this Final Decree shall not constitute allowance of the claim or administrative expense and shall not result in such claim or administrative expense being deemed Allowed (as defined in the Plan). Any objections to claims or administrative expenses, including without limitation the Jefferson Claim, in the Closing Cases may be filed, administered, and adjudicated in the Remaining Case.

8. From and after the date of entry of this Final Decree, any payments made pursuant to the Plan on account of claims arising prior to the Effective Date shall be reflected in View Operation Corporation's post-confirmation quarterly reports regardless of which Debtor or Reorganized Debtor such claims are against.

9. The final report required under Local Rule 3022-1(c) for the Closing Debtors shall be included as part of a consolidated final report for all of the Reorganized Debtors to be filed in connection with the closure of the Remaining Case.

10. The deadline to comply with the requirements under Local Rule 2002-1(f)(ix) with respect to the Closing Debtors shall be completed by the Claims Agent upon the closure of the Remaining Case.

11. The Reorganized Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Final Decree.

12. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Final Decree.

**Dated: July 25th, 2024**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

5